### In re Lynn MEADE, Debtor.

### Lynn Meade, Appellant

v.

### Charles F. McVay, United States Trustee, Region 7, Appellee.

### No. EP–07–CV–121–DB.

United States District Court, W.D. Texas, El Paso Division.

Jan. 24, 2008.

Edgar J. Borrego, Sergio Alberto Trevino, for Debtor.

**_Appeal from the United States Bankruptcy Court, Western District of Texas, El Paso Division, Case No. 06–31066–RCM, Chapter 7._**

DAVID BRIONES, District Judge.

Appellant Lynn Meade ("Meade") filed a brief on April 20, 2007, appealing the United States Bankruptcy Court's ("Bankruptcy Court") February 28, 2007 "Order On Motion Of The United States Trustee To Dismiss Under 11 U.S.C. § 707(b)." On May 7, 2007, Appellee Charles F. McVay, United States Trustee, Region 7 ("U.S.Trustee"), filed a "Brief Of The Appellee Charles F. McVay United States Trustee" ("Response"). After due consideration, the Court affirms the Bankruptcy Court's dismissal of Meade's Petition for the reasons that follow.

## BACKGROUND

This is an appeal arising from an Order of the United States Bankruptcy Court, dismissing a Petition on September 30, 2006, wherein Meade sought relief under Chapter 7 of the Bankruptcy Code. The case stems from Meade's attempt to claim a Transportation Ownership/Lease Expense without having an ownership payment. On said date, Meade filed a petition for relief under Chapter 7 of the Bankruptcy Code, which included the Statement of Current Monthly Income and Means Test Calculation ("Means Test"). The Means Test uses a complex mathematical formula—set out in § 707(b)(2)—to calculate a debtor's disposable monthly income. A disposable monthly income greater than $166.67 gives rise to a presumption of abuse and requires dismissal of the case as an abuse of Chapter 7 Bankruptcy proceedings. *See* 11 U.S.C.A. § 707(b)(2)(A)(ii)(I).

Because Meade's monthly income exceeded the median Texas monthly income,[1] she was required to complete the expense portion of the Means Test. Therein, Meade claimed monthly expenses greater than her income, resulting in a negative monthly income.[2] Although Meade did not have a vehicle purchase or lease payment, she deducted $471.00 as a "Local Standards" Transportation Ownership/Lease Expense. Meade owns one vehicle, a 1996 Subaru

Legacy Wagon, outright and free of any liens. The U.S. Trustee contested this deduction, and substituted a $200 deduction, pursuant to Internal Revenue Service ("IRS") guidelines.[3] Meade's disposable monthly income was then calculated at $303.97, based on the U.S. Trustee's expense adjustment, along with other minor adjustments,[4] giving rise to a presumption of abuse of the bankruptcy proceedings.

On December 8, 2006, the U.S. Trustee filed a Motion to Dismiss for an abuse of Chapter 7 Bankruptcy Proceedings. The Bankruptcy Court granted the Motion to Dismiss, finding that Meade's case was presumptively abusive, and that the debtor failed to demonstrate special circumstances to rebut that presumption.[5] The appeal from the Bankruptcy Court's ruling ensued.

## STANDARD OF REVIEW

 Title 28 U.S.C. § 158 confers jurisdiction on district courts to hear appeals from the final judgments, orders, and decrees of bankruptcy courts sitting within the same judicial district. 28 U.S.C.A. § 158(a)(1) (West 2006). When a district court reviews a bankruptcy court's decision, it functions as an appellate court and utilizes the same standard of review generally applied by a federal court of appeals. In general, "a bankruptcy court's findings of fact are subject to the clearly erroneous

---

1. Meade's monthly income—$3,830.00 ($45,-963.60 annual)—was greater than the corresponding median Texas monthly income.

2. Meade's disposable monthly income was calculated at negative $6.03 after deducting $3,836.33 in monthly expenses.

3. The IRS permits a $200 deduction for operating a vehicle over six years old, and/or with reported mileage of at least 75,000 miles, with no reported loan or lease payment obligation. *See* INTERNAL REVENUE SERVICE, UNITED STATES DEP'T OF TREASURY, INTERNAL REVENUE MANUAL,

FINANCIAL ANALYSIS HANDBOOK, TREATMENT OF NON-BUSINESS TRANSPORTATION EXPENSES, OWNERSHIP EXPENSES, Part 5, Chapter 15 § 5.8.5.5.2(3), [hereinafter FINANCIAL ANALYSIS HANDBOOK] http://www.irs.gov/irm/part5/ch08s05.html.

4. Meade did not contest these incidental adjustments, nor does she raise the issue in the instant appeal.

5. Meade does not appeal the Bankruptcy Court's decision stating that she failed to demonstrate special circumstances to rebut the presumption of abuse.

standard of review and conclusions of law are reviewed de novo." *In re Smyth,* 207 F.3d 758, 761 (5th Cir.2000) (citing *Matter of Sadkin,* 36 F.3d 473, 475 (5th Cir.1994)). The issue on appeal is whether a debtor is allowed, under 11 U.S.C. § 707(b)(2)(A)(ii)(I), to claim an expense for vehicle financing when the debtor has no vehicle financing expense. As the issue before the Court involves a question of law, the Court reviews the Bankruptcy Court's decision *de novo.*

## DISCUSSION

In her appeal, Meade argues three points of law: (1) the plain language of the Bankruptcy Code allows her to deduct a Transportation Ownership/Lease Expense even though she does not have an ownership payment; (2) case law precedent allows her to claim said deduction; and (3) public policy should allow for said deduction. The Court addresses Meade's contentions in turn.

### 1. The Bankruptcy Code

Meade contends that a plain reading of § 707(b)(2)(A)(ii)(I) allows her to deduct a transportation ownership expense in the amount of $471.00, although Meade does not have an existing vehicle ownership payment. In other words, Meade argues that the statute permits debtors to claim the Local Standard ownership expense based on their possession of a vehicle. The U.S. Trustee responds that the statute plainly requires a two-step determination to deduct the appropriate transportation expense, the first of which requires the debtor to have an ownership expense. The Court finds Meade's argument unconvincing.

The plain language of a statute is regarded as conclusive, with the exception of rare circumstances in which the result of a literal application directly contradicts the drafters' intent. *See United States v. Ron Pair Enter. Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Generally, statutory interpretation requires a court to accord undefined statutory terms their ordinary and common meaning. *See Burns v. Alcala,* 420 U.S. 575, 580–81, 95 S.Ct. 1180, 43 L.Ed.2d 469 (1975).

The statute at issue reads, in relevant part:

> The debtor's monthly expenses shall be the debtor's *applicable* monthly expense amounts specified under the National Standards and Local Standards, and the debtor's *actual* monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides . . .

11 U.S.C.A. § 707(b)(2)(A)(ii)(I) (West 2005) (emphasis added). The statute permits a debtor to deduct "applicable" monthly expenses as defined by the IRS National and Local Standards ("IRS Standards"), and "actual" monthly expenses that the IRS defines as "Other Necessary Expenses." *In re Pampas,* 369 B.R. 290, 295–96 (Bankr.M.D.La.2007). The outcome of the instant case hinges on the plain meaning of the term "applicable" and in reconciling Congress' intent with use of the term "actual" in the same sentence.

"Applicable" is defined as "capable of or suitable for being applied: APPROPRIATE." Merriam Webster's Collegiate Dictionary 56 (10th ed.1996). In the statute, "applicable" is positioned before the phrase "monthly expense amounts specified under the [standards]."[6] Place-

---

6. The statute does not state, "The debtor's monthly expenses shall be the debtor's month-

ly expense amounts specified under the *applicable* [] Standards," as argued by Meade.

ment of the term "applicable" indicates that the transportation ownership expense is to be deducted only by the appropriate debtor. In other words, the debtor must be eligible to claim the deduction by having an existing monthly transportation ownership expense. If the debtor can claim the deduction, the statute then permits an eligible debtor to select the amount listed in the IRS Standards. Pursuant to Meade's reading, the debtor would be automatically eligible for a standard deduction—the sole determination being the selection of an amount based on the applicable geographic location. Contrary to Meade's contention, the Court finds that the plain reading of the Bankruptcy Code allows a deduction for transportation ownership expenses, but only by those debtors who are eligible to declare such deductions.

■ Further, Meade posits that Congress' decision to use "applicable" rather than "actual" evinces congressional intent that a debtor's existing, or non-existing, expense is irrelevant for purposes of claiming the transportation ownership deduction. "Actual" is defined as "existing in act and not merely potentially .... existing in fact or reality." MERRIAM WEBSTER'S

COLLEGIATE DICTIONARY 12. The term "actual" is positioned before the phrase, "for the categories specified as Other Necessary Expenses," indicating that debtors may deduct their existing costs in this specific category. Thus, the statute permits deductions in an amount equal to debtors' existing costs in "other" categories. In contrast, for the transportation category, Congress intended all eligible debtors—but only eligible debtors—to have a standard across-the-board deduction. *See In re Pampas*, 369 B.R. at 296.

■ Additional support for the Court's statutory interpretation is found in the IRS Standards.[7] The IRS Standards recognize two sub-categories of transportation expenses: "ownership costs," and "operating costs."[8] "Ownership costs" are based on the "five-year average of new and used car *financing* data compiled by the Federal Reserve Bureau of Governors."[9] Thus, the IRS Standards emphasize acquisition expenses, rather than maintenance or operating expenses, indicating that ownership and maintenance are separate and distinct expenses. *See id.* In fact, the IRS indicates in the Financial Analysis Handbook that car owners without a car

---

7. Congress intended courts to utilize current IRS policies to define statutory terms and calculate expenses. *See Pampas*, 369 B.R. at 296–97. *See also, e.g., In re Medina*, 362 B.R. 799, 802 (Bankr.S.D.Tex.2007) (discussing the utilization of IRS guidelines as one of three possible means for interpreting a term not expressly defined in the Bankruptcy Code). While courts are not bound to follow IRS procedures and standards, they should be used as guides for interpreting the Bankruptcy Code. *See In re Ceasar*, 364 B.R. 257, 262 (Bankr.W.D.La.2007); *see also Pampas*, 369 B.R. at 297 n. 29.

8. According to the IRS:
The transportation standards consist of nationwide figures for monthly loan or lease payments referred to as *ownership costs*, and additional amounts for monthly operat-

ing costs.... If a taxpayer has a car payment, the allowable ownership cost added to the allowable operating cost equals the allowable transportation expense. If a taxpayer has *no car payment only the operating costs portion of the transportation standard is used* to come up with the allowable transportation expense.
FINANCIAL ANALYSIS HANDBOOK, ALLOWABLE EXPENSE OVERVIEW, Part 5, Chapter 15 § 5.15.1.7(4.B), http://www.irs.gov/irm/part5/ch15s01.html (emphasis added).

9. INTERNAL REVENUE SERVICE, COLLECTION FINANCIAL STANDARDS, http://www.irs.gov/individuals/index.html (follow "Collection Financial Standards" hyperlink; scroll down to "Recent Revisions") (emphasis added).

payment should exclude that expense in calculating the total transportation expense. FINANCIAL ANALYSIS HANDBOOK § 5.15.1.7(4.B). Thus, like the IRS, the Court interprets the Bankruptcy Code as excluding a debtor's deduction of an "ownership" expense when the debtor does not have an existing car payment. Therefore, the Court is of the opinion that the plain meaning of "applicable" necessitates an existing ownership or lease payment for a debtor to claim an ownership or lease payment deduction.

Here, it is undisputed that Meade does not have an ownership or finance payment on her sole vehicle, a 1996 Subaru. As a result, Meade is not eligible to claim a Transportation Ownership/Lease Expense in the amount of $471. Therefore, the Court is of the opinion that the Bankruptcy Court's decision denying Meade's deduction was accurate, and its decision to dismiss Meade's bankruptcy proceeding is affirmed.

### 2. Existing Case Law

Meade avers that a "plethora" of case law supports her reading of the Bankruptcy Code. In that regard, Meade posits that *In re Fowler*, 349 B.R. 414 (Bankr.D.Del. 2006), and its progeny[10] hold precedential value before the Court. Unfortunately for Meade, her cited cases are not precedent in the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit"). Further, the bankruptcy court decisions from

within the Fifth Circuit have expressly rejected *Fowler* and Meade's line of reasoning.[11] What is more, Meade concedes that Fifth Circuit case law does not support her contention. Thus, the Court finds the decisions issued by the bankruptcy courts within the Fifth Circuit persuasive. Therefore, the Court is of the opinion that the Bankruptcy Court properly dismissed Meade's claim, and its decision is affirmed.

### 3. Public Policy

Lastly, Meade argues that the Court's affirmation of the Bankruptcy Court's judgment "could lead to some absurd result," based on public policy grounds. Meade's public policy argument mirrors the line of reasoning found in the *Fowler* opinion. *See Fowler* 349 B.R. at 418. As stated above, the Court declines to follow the *Fowler* decision. Therefore, as the Court had disposed of Meade's argument above, it need not address her public policy argument. Thus, the Court is of the opinion that the Bankruptcy Court's decision was appropriate and should be affirmed.

### CONCLUSION

The Court finds that the Bankruptcy Court properly dismissed Meade's Chapter 7 Petition as an abuse of bankruptcy proceedings, and affirms its decision. First, the plain reading of § 707(b)(2)(A)(ii)(I) requires the debtor to qualify for a deduction by having an existing ownership or lease

10. *See, e.g., In re Wilson,* 356 B.R. 114 (Bankr.D.Del.2006); *In re Haley,* 354 B.R. 340 (Bankr.N.H.2006); *In re Hartwick,* 352 B.R. 867 (Bankr.D.Minn.2006), *rev'd in part Fokkena v. Hartwick,* 373 B.R. 645, 649 (D.Minn.2007) (holding that debtor who owned her car outright was not entitled to take standard vehicle ownership deduction); *In re Farrar–Johnson,* 353 B.R. 224 (Bankr. N.D.Ill.2006); *In re Demonica,* 345 B.R. 895 (Bankr.N.D.Ill.2006).

11. *See, e.g., Ceasar,* 364 B.R. at 262 (holding that no ownership allowance could be claimed on a car owned free and clear of liens); *In re Devilliers,* 358 B.R. 849 (Bankr. E.D.La.2007) (same); *Pampas* 369 B.R. 290 (same); *In re Barraza,* 346 B.R. 724 (Bankr. N.D.Tex.2006) (same); *In re Hardacre,* 338 B.R. 718 (Bankr.N.D.Tex.2006) (same); *In re Oliver,* 350 B.R. 294 (Bankr.W.D.Tex.2006) (same).

payment on a vehicle before selecting the applicable deduction amount. Second, Meade's cited case law has been expressly rejected by a line of decisions issued from bankruptcy courts within the Fifth Circuit, which the Court finds persuasive. Finally, the Court declines to address Meade's policy argument, because it stems from case law the Court rejects. Based on the foregoing analysis, the Court affirms the decision of the Bankruptcy Court.

Accordingly, **IT IS HEREBY ORDERED** that the United States Bankruptcy Court's Order Granting Motion to Dismiss entered on February 28, 2007, is **AFFIRMED.**